IRA L. GOTTLIEB (SBN 103236)
igottlieb@bushgottlieb.com
ERICA DEUTSCH (SBN 204427)
edeutsch@bushgottlieb.com
JASON WOJCIECHOWSKI (SBN 263911)
jasonw@BushGottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone:  (818) 973-3200
Facsimile:  (818) 973-3201

Attorneys for SEIU Local 121RN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SEIU LOCAL 121RN, an unincorporated association,<br><br>Plaintiff,<br><br>vs.<br><br>RIVERSIDE HEALTHCARE SYSTEM, L.P. D/B/A RIVERSIDE COMMUNITY HOSPITAL, a California limited partnership,<br><br>Defendant. | **CASE NO.** 5:20-CV-01550<br><br>**COMPLAINT FOR PRELIMINARY INJUNCTION IN AID OF ARBITRATION**<br><br>**[29 U.S.C. § 185(a)]** |

COMES NOW Plaintiff SEIU Local 121RN ("Local 121RN") and pleads as follows:

**INTRODUCTION**

1. Plaintiff Local 121RN brings this action against Defendant Riverside Healthcare System L.P. d/b/a Riverside Community Hospital ("Hospital") to enforce by way of preliminary injunction the collective bargaining agreement between Local 121RN and the Hospital ("CBA"). Local 121RN—which represents registered nurses employed by the Hospital—has filed a grievance under the CBA protesting the Hospital's announced intent to eliminate the Local 121RN–represented job

classification of Charge Nurse and reassign the Charge Nurses' job duties to a newly created supervisory classification that will not be represented by Local 121RN or by any union. The elimination will result in job loss—in the midst of a pandemic and recession—for Local 121RN–represented employees at the Hospital, both for Charge Nurses who are not able to find another position at the Hospital and of *other* employees represented by Local 121RN who are displaced from their jobs by Charge Nurses subject to layoff pursuant to the CBA's procedures governing reductions in force.

2. The Hospital has stated that it will implement the elimination of the charge nurse job classification on September 11, 2020. The elimination and concomitant transfer of duties performed by bargaining-unit employees to Hospital supervisors violates the CBA. The Hospital denies the violation and states that it has the right to enact this change. Under the CBA, the parties' dispute must be decided by a neutral arbitrator. The Hospital has expressly refused to engage in expedited arbitration in order to resolve the dispute before September 11, 2020 or to maintain the status quo pending resolution. Local 121RN and the registered nurses employed by the Hospital will suffer irreparable harm that cannot be adequately remedied by the arbitrator if the Hospital enacts its proposed action. Therefore, absent an injunction, Local 121RN and the registered nurses will be unable to obtain the benefit of their bargain.

## JURISDICTION, PARTIES, AND VENUE

3. Plaintiff Local 121RN is an unincorporated association with its principal offices located in Pasadena, California. Local 121RN is organized for the purpose of representing employees of employers engaged in interstate commerce, including certain employees of the Hospital. Local 121RN is a labor organization within the meaning of 29 U.S.C. sections 142(3), 152(5), and 185(a).

4. Defendant Hospital is a California limited partnership with its principal place of business in Riverside, California. Defendant is an acute-care hospital that

1  provides a variety of health-care services. The Hospital employs over 1,100
2  registered nurses represented by Local 121RN, as well as many other employees.
3  The Hospital is an employer within the meaning of 29 U.S.C. sections 142(3),
4  152(2), and 185(a) and is engaged in an industry affecting commerce within the
5  meaning of 29 U.S.C. sections 142(1), 152(6) & (7), and 185(a).

6  5. This Court has jurisdiction over this action to enforce a private-sector
7  labor agreement under 29 U.S.C. section185(a) and federal question jurisdiction
8  under 28 U.S.C. section 1331.

9  6. Venue is proper in this Court because the acts complained of occurred
10 in Riverside, California, within the Central District of California.

## FACTS

### Grievance and Arbitration Procedure

13 7. Effective September 15, 2017, Local 121RN and the Hospital entered
14 into a CBA expiring September 15, 2020, setting forth the wages, hours, and other
15 terms and conditions of employment of a bargaining unit of non-supervisory
16 registered nurses employed by the Hospital at its facility at 4445 Magnolia Avenue
17 in Riverside, California. A true and correct copy of the CBA is attached to this
18 Complaint as Exhibit A.

19 8. Article 38 of the CBA establishes a grievance procedure for "dispute[s]
20 or disagreement[s] involving the interpretation, application or compliance with
21 specific provisions of" the CBA. (Exh. A., Art. 38.1 at pg. 37.)

22 9. The grievance procedure contains three steps. At the first step, the
23 parties meet to discuss the dispute within 15 days after Local 121RN files the
24 grievance. The Hospital must provide Local 121RN with a written response within
25 15 days after the grievance meeting. If Local 121RN is dissatisfied with the
26 response, it can proceed to the second step by so requesting within 10 days after
27 receipt of the written response. The parties must meet within 10 days after Local
28 121RN moves the grievance to the second step, and the Hospital must provide a

written response within 10 days after the meeting. (Exh. A., Art. 38.3 at pg. 38.)

10. If Local 121RN is still dissatisfied with the response, it can move the grievance to arbitration by notifying the Hospital and requesting a panel of seven arbitrators from the Federal Mediation and Conciliation Service within 20 days of receipt of the second written response. All dates to this point exclude weekends and holidays. Thereafter, the parties select an arbitrator by alternately striking names from the list of seven until one remains. The Hospital must respond to a request to strike within 10 calendar days, so long as the Hospital has had the list of arbitrators for at least 14 calendar days at the time of the request. (Exh. A, Art. 38.3.3 at pgs. 38–39.)

11. The Hospital can therefore cause the grievance procedure to take at least 94 calendar days from the date of filing the grievance to the date the arbitrator is selected. Further, actual scheduling of an arbitration hearing is dependent on the availability of the arbitrator and the parties and typically does not occur until months after the arbitrator is selected. Finally, in a normal case the arbitrator will issue their ruling at least weeks, and often months, after the hearing. As described below, the Hospital gave Local 121RN less than 60 days' notice that it intended to eliminate the charge nurse position.

**Elimination of the Charge Nurse Position**

12. The Hospital has recognized Local 121RN as the collective-bargaining representative for

> [a]ll full-time, part-time, and per diem registered nurses working in RN job classifications identified in the Wage Scales applicable to Riverside Community Hospital attached to this Agreement at the Hospital's facility at 4445 Magnolia Avenue, Riverside, California or buildings operating as "Riverside Community Hospital," in Riverside, California; excluding . . . supervisors, as defined in the National Labor Relations Act.

(Exh. A, Article 2.1 at pg. 1.)

13. One of the "RN job classifications identified in the Wage Scales" is Charge Nurse. (Exh. A, Appendix Part K at pgs. 81–82.) The Employer recognizes Local 121RN as the exclusive collective-bargaining representative of registered nurses in the job classification of Charge Nurse.

14. The CBA bans the Hospital from

> establish[ing] jobs or job titles for the purpose of excluding work or employees from the bargaining units as established in this Article of the Agreement and [from] hir[ing] or utiliz[ing] existing supervisors who are not part of the bargaining units to perform bargaining unit work except as consistent with past practice . . . .

(Exh. A, Article 3.1 at pg. 2.)

15. On or about July 13, 2020, the Hospital sent a letter to all Charge Nurses employed by the Hospital stating that "the Hospital has decided to eliminate the Charge Nurse position." The stated effective date of the elimination was September 11, 2020. A true and correct copy of one of the letters sent to Charge Nurses is attached to this Complaint as Exhibit B.

16. In or about the afternoon of July 13, 2020, the Hospital sent Local 121RN's designated representative a letter notifying Local 121RN of the Hospital's intent to eliminate the Charge Nurse position. A true and correct copy of the July 13 notification from the Hospital is attached to this Complaint as Exhibit C.

17. The Hospital has not claimed that all Charge Nurse job duties are being eliminated. Instead, the Hospital has only claimed in a July 14, 2020 email that "*[m]uch of* what the Charge Nurses do presently will no longer be needed in our future model." (Emphasis added.) A true and correct copy of the July 14 email from the Hospital to Local 121RN is attached to this Complaint as Exhibit D.

18. The Hospital intends to reassign the Charge Nurse job duties that are not eliminated to a newly created classification of Clinical Nurse Coordinator.

Further, the Hospital claims this classification will be supervisory/managerial—and thus not in Local 121RN's bargaining unit—and intends to assign a variety of supervisory job duties to the Clinical Nurse Coordinator, "such as, but not limited to conducting annual performance appraisals; issuing discipline; performance matrixes; training; staffing decisions; assisting in strategic planning; etc." (Exh. D.) Under the National Labor Relations Act, these job duties are likely to cause the Clinical Nurse Coordinators to be classified as supervisors, and thus not as employees who can be represented by Local 121RN.

19. Local 121RN is informed and believes and on that basis alleges that, contrary to the Hospital's claims, most Charge Nurse job duties cannot be eliminated because they are integral to the functioning of safe patient care in a hospital. In any event, at least *some* Charge Nurse job duties will be transferred to Clinical Nurse Coordinators, and therefore the Hospital has effectively admitted that it intends to violate Article 3.1 of the CBA by "establishing jobs . . . for the purpose of excluding work . . . from the bargaining unit[]" and by "hir[ing] . . . supervisors who are not part of the bargaining unit[] to perform bargaining unit work . . . ."

20. To the extent there are insufficient vacant positions for Charge Nurses to transfer to, or if Charge Nurses do not have the qualifications for the vacant positions, the elimination of the Charge Nurse position will result in a reduction in force. Under Article 19 of the CBA, Charge Nurses may have the right to "displace" other employees, and any displaced employee might have the right to, in turn, displace a different employee. (Exh. A, Art. 19.5 at pgs. 11–12.)

**Hospital's Campaign to Undermine the Union**

21. Under Article 25 of the CBA, issues related to nurse staffing are exempted from arbitration and are instead directed into a dispute resolution process. If that process is unsuccessful in resolving the staffing dispute, the no-strike clause in Article 17 is suspended for any strike that begins within 60 days of the end of the dispute resolution process.

22. On June 26, 2020, hundreds of nurses represented by Local 121RN, including a great number of Charge Nurses, began a 10-day strike after the Article 25 dispute resolution process failed to resolve a variety of staffing issues. The strike ended on July 6, 2020.

23. On July 7, 2020, Local 121RN and the Hospital had their first meeting to begin bargaining a successor contract to the CBA, which expires September 15, 2020.

24. On or around July 5, 2020, the Hospital informed Local 121RN that it would not agree to count time spent in bargaining by nurses represented by Local 121RN as time worked for purposes of fulfilling nurses' commitments to work a certain number of shifts per week. In CBA negotiations between Local 121RN and the Hospital in 2014 and 2017, the Hospital did count the time spent in bargaining toward nurses' minimum commitments. Local 121RN is informed and believes and on that basis alleges that employees represented by a different union (SEIU United Healthcare Workers West) that bargained earlier in 2020 for their CBA counted the time spent in bargaining toward their commitment.

25. On or around July 23, 2020, the Hospital representatives left a bargaining session in protest of Local 121RN's decision to bring certain individuals to the bargaining session, and the Hospital has expressly refused to bargain absent assurances that the Union will not bring "guests" to the bargaining session, notwithstanding clear National Labor Relations Board authority that a party cannot condition bargaining on who the other party chooses to bring to the bargaining session.

26. The Hospital's decision, announced just a week after the strike ended, to eliminate the union-represented Charge Nurse job and replace it with a non-union job, in the context of its other unlawful actions, is in retaliation for Hospital employees exercising their legal and contractual right to strike, and thus is in violation of Article 42.1 of the CBA.

27. If the Hospital's unlawful course of action is permitted to come to fruition, including, as relevant here, its transfer of Charge Nurse job duties from union employees to supervisors, Local 121RN and the employees it represents will be irreparably harmed because it will be forced to bargain from a position of weakness and the CBA cannot be reformed to restore Local 121RN and the nurses it represents to the status quo ante.

**Local 121RN's Grievance**

28. On or about July 16, 2020, Local 121RN filed a grievance alleging that the Hospital's intended actions violate Articles 3 (Bargaining Unit Work), 4 (Mutual Respect), and 42 (Non-Discrimination) of the CBA. A true and correct copy of the grievance is attached to this Complaint as Exhibit E.

29. On August 2, 2020, Local 121RN sent a letter to the Hospital requesting that the Hospital participate in expedited arbitration and/or agree to maintain the status quo pending an arbitrator's ruling on the grievance. A true and correct copy of the letter is attached to this Complaint as Exhibit F.

30. As of the date of this Complaint, the Hospital has neither agreed to expedited arbitrator nor agreed to maintain the status quo pending arbitration. By this action, the Hospital has breached the CBA's implied promise to maintain the status quo pending arbitration of this type of grievance, and has required Local 121RN to incur legal fees and costs to prepare and file this action.

## FIRST CAUSE OF ACTION
### (Breach of Contract, 29 U.S.C. § 185(a))

31. Based on the facts alleged in Paragraphs 1–30, which are realleged and incorporated here, the Hospital has breached and violated the CBA between it and Local 121RN by refusing to maintain the status quo pending arbitration of Local 121RN's grievance regarding the elimination of the Charge Nurse job.

32. As a result of the Hospital's refusal to honor its contractual commitments, Local 121RN and the registered nurses represented by Local 121RN

will suffer immediate and irreparable harm unless the Court enjoins the elimination of the Charge Nurse job and the transfer of the Charge Nurse job duties to Clinical Nurse Coordinators, or any other supervisory or managerial job classification.

33. If the elimination of the Charge Nurse job and transfer of job duties takes place on September 11, 2020, the arbitral process will be frustrated because the arbitrator will be presented with a fait accompli, and the arbitrator's ability to issue orders—including orders requiring the rehiring of any laid off employees, the re-establishment of the Charge Nurse job, and the restoration of all Charge Nurse job duties that Charge Nurses currently perform—will be impeded and frustrated by, among other things, the passage of time, the dispersal of laid off employees to other jobs or geographic areas.

34. Moreover, the prospect of the loss of employer-provided health insurance—which will affect not only laid-off employees but their dependents—during a deadly global pandemic in which Riverside County has the second-most positive COVID-19 cases and the second-most deaths in all of California may be devastating.

35. The balance of hardships weighs heavily in favor of Local 121RN and the registered nurses. The harms that will result from implementation of the elimination of the Charge Nurse job, as described above, are substantial. On the other hand, issuance of the injunction will result in, at worst, a short delay in the Hospital's ability to implement the change.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Local 121RN prays for relief as follows:

1. A preliminary injunction enjoining Defendant Hospital from taking any of the actions set forth below, pending issuance of the award of an arbitrator regarding Local 121RN's grievance:

   A. Taking any action to transfer, reassign, or eliminate the job duties of Charge Nurses;

        B.     Laying off, terminating the employment of, or reducing the hours or work schedules of any Charge Nurses;

        C.     Laying off any other employees as a result of Charge Nurses "displacing" those employees;

2.    An award of costs and reasonable attorneys' fees; and

3.    Such other relief as the Court may deem just and proper.

DATED: August 3, 2020

IRA L. GOTTLIEB
ERICA DEUTSCH
JASON WOJCIECHOWSKI
BUSH GOTTLIEB, A Law Corporation

By: _____
IRA L. GOTTLIEB
Attorneys for SEIU Local 121RN

## VERIFICATION

I, Frank Torres, declare as follows:

I am the Chief of Staff of SEIU 121RN, Plaintiff in the present case.

I have personal knowledge of 121RN, its activities, and intentions, including those set out in the foregoing Complaint for Injunction in Aid of Arbitration; and if called on to testify I would competently testify as to the matters stated herein.

I have personal knowledge of Riverside Community Hospital their activities related to this action, and their intentions, including those set out in the foregoing Complaint for Injunction in Aid of Arbitration;, and if called on to testify I would competently testify as to the matters stated herein.

I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning 121RN, its members, and Riverside Community Hospital's actions arc true and correct, as are the factual statements concerning the allegations in the complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 3, 2020, at Pasadena, California.

_____
Frank Torres

717332v1 11121-30037